**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES LORENZO THOMAS, | * | |
| | * | |
| | * | Criminal Action No. 17-cr-526-PX |
| v. | * | Civil Action No. 21-cv-294-PX |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court is Petitioner James Lorenzo Thomas' motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 211. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is DENIED.

**I.     Background**

This case arises out three armed robberies of stores located in Prince George's County. *See* ECF Nos. 131–32, 135–37. Thomas was charged federally with three counts of interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); three counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm after having sustained a felony conviction, in violation of 18 U.S.C. § 922(g)(1). ECF No. 49. At his initial appearance on these charges, Thomas received Court-appointed counsel. *See* ECF No. 16.

Soon after, the attorney-client relationship hit an impasse, and replacement counsel was appointed to represent Thomas. *See* ECF No. 42. But again, Thomas grew dissatisfied with his second counsel, and the Court appointed yet a third replacement counsel to represent him. *See* ECF No. 69.

Upon this appointment, third counsel immediately ramped up for trial.  Counsel filed ten pretrial motions, the most meritorious of which challenged the warrantless search of the automobile that the robbers had used during the commission of the crimes.  *See* ECF Nos. 81–82, 84–86, 89–93, 100.  After two evidentiary hearings, the Court denied the suppression motion and the case proceeded to trial.  *See* ECF Nos. 104 & 116.

At trial, the Government's evidence demonstrated that Thomas and his confederate, Nathan Latimore, robbed three stores in quick succession.  *See* ECF No. 192 at 7–9.  The third robbery, that of a GameStop, involved the taking of a game console that had within it a GPS tracking device that allowed police officers to locate the parked getaway car.  *See id*. at 10–11. Police found Thomas seated behind the wheel of the car and Lattimore in the passenger seat.  *See id.* at 11.  Several lay witnesses identified Thomas as one of the individuals who robbed the establishments.  *See* ECF No. 194 at 23–125.  Similarly, Lattimore also testified pursuant to a cooperation agreement to their joint role in the crimes.  *See id.* at 134–226.

After less than four hours of deliberation, *see* ECF No. 197 at 5, the jury convicted Thomas on all counts, ECF No. 144.  The Court ultimately sentenced Thomas to a total term of 300 months' imprisonment followed by 5 years of supervised release and $603.90 in restitution. ECF No. 175 at 3–6.  On appeal, Thomas, through counsel, challenged only the Court's denial of his suppression motion.  *See* Brief of Appellant at 9–15, *United States v. Thomas*, 819 F. App'x 171 (4th Cir. 2020) (No. 17-cr-526).  The Fourth Circuit affirmed the district court's denial of suppression.  *See* ECF No. 206-2 at 2.

Thomas, who now proceeds pro se, timely filed his § 2255 motion.  ECF No. 211.  In the motion, Thomas argues that his trial and appellate counsel rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution.  *Id.*; *see also* ECF Nos. 211-

1, 211-2, 211-3 & 211-4.  The matter is now ripe for review.  For the following reasons, the motion is denied and certificate of appealability shall not issue.

## II.  Analysis

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ."  28 U.S.C. § 2255(a).  The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation."  *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Thomas principally contends that he was the victim of hopelessly ineffective counsel.  *See* ECF No. 211 at 3–5.  An ineffective assistance of counsel claim is properly asserted for the first time in a § 2255 motion.  *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).  To carry his burden of demonstrating ineffective assistance, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and as a result, the petitioner suffered actual prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A strong presumption exists that counsel's performance fell within a wide range of reasonably professional conduct; accordingly, courts remain highly deferential in scrutinizing counsel's performance.  *Strickland*, 466 U.S. at 689.  Moreover, when no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient.  *Id.* at 697.  A petitioner establishes prejudice by demonstrating "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.   With this standard in mind, the Court turns to Thomas' contentions.

> **A.      Ineffectiveness Claims Against Trial Counsel**

Thomas lodges an array of grievances against trial counsel.  None singularly or in combination are availing.  Thomas first argues that trial counsel rendered ineffective assistance because he failed to review a written plea offer extended to Thomas in advance of trial.  *See* ECF No. 211-1; *see also* ECF No. 220 at 7.  The record belies Thomas' contention.  At the pretrial conference, the Court confirmed with Thomas that he had received a copy of the written plea offer by mail, and that trial counsel discussed the plea offer "in detail" with Thomas.  *See* ECF No. 191 at 26–27.  And at no point during this colloquy did Thomas maintain that he failed to review or comprehend any part of the offer.  *See id.*  In fact, Thomas made clear to the Court that he rejected the offer and wanted to go to trial.  *See id.* at 27.

Thomas also argues that trial counsel did not obtain all relevant discovery from the Government or review the same with Thomas.  *See* ECF No. 211-1.  Again, Thomas offers no evidence to support this contention.  *See id.*  Instead, the record reflects that counsel had reviewed discovery with Thomas on numerous occasions, and that, in counsel's trained view, the Government had not "withheld discoverable materials."  ECF No. 218-1 ¶¶ 3, 6.  Thomas' vague allegations to the contrary are insufficient to justify relief.  *See Dyess*, 730 F.3d at 359 ("Vague and conclusory allegations" are insufficient to warrant relief under § 2255.).

Next, Thomas faults trial counsel for failing to challenge the Government's purported striking of a juror based on the juror's ethnicity.  *See* ECF No. 211-1.  Again, no evidence supports the claim.  Nothing in the record reflects any impermissible striking of a juror, and so, without such evidence, this argument wholly fails.  *See Sanders v. United States*, 373 U.S. 1, 19

(1962) (court may dismiss a claim based solely on "bald legal conclusions with no supporting factual allegations").

Thomas also maintains that counsel failed to object to the Government's erroneous reference to Thomas as the "owner" of the getaway car during closing argument.  *See* ECF Nos. 211-1 & 211-2; *see also* ECF No. 196 at 132–33.  But the record shows the opposite.  Trial counsel objected immediately to the Government's misstatement, prompting the Court to issue a curative instruction which made plain the Government's mistake.  *See* ECF No. 196 at 133–34.

Thomas next attacks counsel for generally failing to investigate the lack of forensic evidence in his case, and counsel for "misleading" him in this regard.  *See* ECF No. 211-1; ECF No. 220 at 2–3, 5–7.  Oddly, as "evidence" of counsel's failures, Thomas points to a favorable stipulation that counsel had secured at trial.  *See id.*  The stipulation confirmed for the jury that *no* forensic evidence linked Thomas to the crime; specifically, that the officers failed to compare any DNA or fingerprint evidence secured during the investigation of the robberies with that of Thomas.  *See* ECF No. 196 at 33.  A stipulation with the Government as to the *absence* of evidence could hardly have damaged Thomas' case.  What is more, Thomas *agreed* to the stipulation.  *See id.* at 155; *see also* ECF No. 218 ¶ 5.  On this record, nothing supports Thomas' empty assertions that counsel had misled him or otherwise was in dereliction of his duty to zealously advocate on Thomas' behalf.

Finally, Thomas argues that trial counsel was ineffective because counsel delivered to Thomas certain written materials through another client who was housed with Thomas on the same tier at the detention center.  *See* ECF No. 220 at 8.  After this, says Thomas, "the attorney-client relationship was gone."  *See id.*  At an attorney inquiry hearing held in advance of trial, the Magistrate Judge confirmed that counsel had passed through another client docketed materials

that included no trial strategy or other confidential communication.  *See* ECF No. 190 at 10–11.

Moreover, no evidence reflected that Thomas had been prejudiced in any way.  *See id.* at 10-11,

23.  Although passing materials through a third person may not reflect best practices, this cannot,

on its own, support collateral relief.  *See id.*  Thus, none of the grounds for relief, taken

separately or together, lead this Court to conclude that trial counsel rendered ineffective

assistance.  The motion must be denied.

### B.     Ineffectiveness of Appellate Counsel

Turning next to Thomas' claims regarding appellate counsel, Thomas rests his argument

on counsel's failure to appeal "any issue from the trial record."  *See* ECF Nos. 211-3 & 211-4.

Thomas cites a litany of issues which, in his view, appellate counsel should have raised in

Thomas' direct appeal.  *Id.*  But he fails to demonstrate that any of the claimed issues were

meritorious such that counsel's failure to raise them constitutes ineffective assistance.  Indeed,

the fundamental function of appellate counsel is to "winnow[] out weaker arguments on appeal"

in favor of those likely to prevail.  *Jones v. Barnes*, 463 U.S. 745, 751 (1986).  Thus, counsel

cannot be faulted for doing that which she is supposed to do—make strategic decisions about the

best arguments to pursue.  *See Keel v. French*, 162 F.3d 263, 272 (4th Cir. 1998) ("[A]ppellate

counsel is not required to raise an issue on appeal merely because it is not frivolous.").

Thomas further maintains that appellate counsel's performance fell below accepted

standards because she did not pursue relief beyond direct appeal.  ECF No. 211-4.  A criminal

defendant has no constitutional entitlement to further discretionary review.  *United States v.*

*Brown*, 973 F. Supp. 530, 532 (D. Md. 1997).  Accordingly, he cannot complain when counsel

strategically decides that seeking such relief is not warranted.  *See Wainwright v. Torna*, 455

U.S. 586, 587–88 (1982) (no deprivation of effective assistance where there is no constitutional right to counsel).  Thus, this claim too must fail.

### C.  New Arguments Raised in Reply

Thomas lastly raises a host of seemingly new grounds for relief in his reply brief, arguing that such errors denied him "due process."  *See* ECF No. 220 at 10–20.  These include the bald contentions that the government knowingly used perjured testimony at trial; committed *Brady*, *Giglio*, and *Jencks*[1] violations; failed to turn over prior witness statements and committed reversible error during closing arguments.  ECF No. 220 at 12-17.  Courts generally will not consider arguments raised by the petitioner for the first time in a reply brief.  *See Taylor v. United States*, No. 2:19-CR-36(1), 2024 WL 287700, at *13 (E.D. Va. Jan. 22, 2024) (collecting cases).  Because Thomas did not raise any of these arguments in his § 2255 motion, the Court declines to consider them now.

And even if Thomas had included these arguments in his motion, they are nonetheless barred as procedurally defaulted.  As the Government rightly argues here, when the petitioner fails to raise a claim on direct appeal, he cannot maintain the claim collateral review.  *See* ECF No. 218 at 7–9.  Accordingly, the Court may reach the merits of a procedurally defaulted claim only if the petitioner demonstrates either "cause and actual prejudice resulting from the errors of which he complains," or his "actual innocence."  *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

---

[1] Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the Government is required to disclose evidence "material to guilt or punishment" that may "exculpate the accused" or "adversely affect[] the credibility of the government's witnesses."  *United States v. Trevino*, 89 F.3d 187, 189 (4th Cir. 1996).  The Jencks Act obligates the Government to supply the defendant with any prior witness statements related to the subject matter to which the witness had testified on direct examination at trial.  *See* 18 U.S.C. § 3500(b)); *see also United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996).

"Cause" excusing procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493; *see also Turner v. Jabe*, 58 F.3d 924, 927–28 (4th Cir. 1995) (intervening change in law could provide cause for a § 2255 claim). To establish prejudice, the petitioner must show that the error worked to his "actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Court has already rejected Thomas' ineffectiveness claims, and he gives no other "cause" excusing his failure to raise the claims on direct appeal. *See* ECF No. 220 at 10–20. Nor has he demonstrated any actual prejudice stemming from the asserted deficiencies. *See id.* Once again, his barebones allegations find no support in the record, and so it is hard to see how Thomas was "prejudiced" by the asserted errors. Nor can Thomas demonstrate his actual innocence given that the record sustaining his convictions was substantial and the jury verdict clear. *See* ECF No. 144. In short, none of the due process contentions can sustain the motion, and so it is denied.

## III.   Certificate of Appealability

Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255 requires this Court to address whether a certificate of appealability should issue from an adverse decision. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and upon a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Thomas does not satisfy this standard. Accordingly, a certificate of

appealability will not issue.  Thomas, of course, may request that the Fourth Circuit issue such a certificate.

**IV.    Conclusion**

For the foregoing reasons, Thomas' motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied.  A separate Order follows.

4/1/2024                                                    /s/
Date                                                        Paula Xinis
                                                           United States District Judge